IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES GREGORY BISHOP, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:88-CR-438-AT-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-1834-AT-LTW |

**FINAL REPORT AND RECOMMENDATION**

In May 2013, Movant, pro se, filed a "Motion to Expunge Due to Prosecutorial Misconduct." (Doc. 2.) Movant's motion pertained to his guilty plea in this Court in 1988 to sending and receiving obscene material via mail. (*Id.*) Because it was unclear if Movant sought relief under 28 U.S.C. § 2255, the Court allowed Movant to clarify his filing and advised him of the effect of seeking relief under § 2255 on any subsequent § 2255 motion. (Doc. 3.)

In response, Movant clarified that he "desires to seek relief under 28 U.S.C. § 2255." (Doc. 4 at 1.) Movant claims that his prosecution in 1988 was unconstitutional pursuant to *Jacobson v. United States*, 503 U.S. 540 (1992). (*Id.* at 1, 6-11.) Movant contends that Respondent entrapped him into committing the crimes to which he pled guilty and that he never should have been prosecuted. (*Id.* at 2-3.)

In January 1989, shortly after Movant pled guilty in this case, the Court sentenced him to five years' imprisonment, but suspended execution of the sentence on condition that Movant complete a five-year period of probation. (Doc. 1 at 3; Doc. 2-4.) The Court also required Movant to pay a fine within ninety days of sentencing and perform three hundred hours of community service within three years of sentencing. (Doc. 2-4.) Movant paid the fine and completed his probation obligations by March 1992. (Doc. 2-7 at 4; Doc. 4 at 1.) On March 17, 1992, the Court entered an Order terminating Movant's probation. (Doc. 1 at 3.) That was the last activity in this case until Movant filed his § 2255 motion in May 2013. (*See id.*)

The Court lacks jurisdiction over Movant's § 2255 motion because Movant was not in custody when he filed it. Section 2255 applies only to

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). The requirement that a person be "in custody" at the time he files a § 2255 motion is jurisdictional. *See Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001). While physical confinement is not required for a person to be "in

custody," a fully expired sentence precludes a finding that the person is in custody. *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). Movant was not "in custody under sentence of a court" when he filed his § 2255 motion because his sentence fully expired over twenty years earlier.

Movant contends that he still suffers collateral consequences from his prosecution and conviction, namely denial of "certain opportunities such as Trusted Traveler acceptance," denial of "entry into Canada on one occasion," and denial of "acceptance of a U.S. Customs seal at his work place at Denver International Airport."[1] (Doc. 4 at 3.) The collateral consequences Movant suffered, and may still be suffering, are of no import. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In sum, Movant was not "in custody" for purposes of § 2255 when he filed his motion in May 2013, over twenty years after his sentence expired.

---

[1] Movant states that in 2006 the Canadian government issued him a letter of rehabilitation allowing him to travel freely to and from Canada. (Doc. 4 at 4, 15.)

Because it is clear that the Court lacks jurisdiction over Movant's § 2255 motion, the motion should be dismissed under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts.[2] *See* Rule 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."). Accordingly, **IT IS RECOMMENDED** that Movant's § 2255 motion be **DISMISSED FOR LACK OF JURISDICTION**. **IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** because it is not reasonably debatable that the Court lacks jurisdiction over the motion. *See* 28 U.S.C. § 2253(c)(2); *Slack v.*

---

[2] Even if the Court had jurisdiction, it could not consider the motion because the motion is untimely. A § 2255 motion generally must be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Movant's judgment of conviction became final in 1989 when the deadline to appeal the judgment expired (Movant did not appeal). Movant did not file his § 2255 motion within one year of that time. The one-year period did not start on the date the Supreme Court decided *Jacobson*, the case upon which Movant relies for his claim that the government entrapped him, because the Supreme Court did not recognize a new right in that case. *See id.* § 2255(f)(3); *Jacobson*, 503 U.S. at 554 (holding that "the prosecution failed, as a matter of law, to adduce evidence to support the jury verdict that petitioner was predisposed, independent of the Government's acts and beyond a reasonable doubt, to violate the law by receiving child pornography through the mails"). Even if it had recognized a new right, Movant would have had to file his § 2255 motion within one year of the date *Jacobson* was decided, i.e., by April 6, 1993. *See Jacobson*, 503 U.S. at 540 (decided April 6, 1992). Movant did not do so.

AO 72A
(Rev.8/82)

*McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 27 day of June, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev.8/82)